lml
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARSHA SCOTT and ) | |
| VICKI HARGIS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 08-4045-JAR |
| ) | |
| RAUDIN McCORMICK, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' Motion for Remand (Doc. 14) of this action to the Lyon County District Court, Emporia, Kansas. Plaintiffs argue that defendant RailCrew Xpress, LLC, improperly removed this matter knowing that the subsidiary defendants' principal place of business is Lenexa, Kansas and that diversity jurisdiction does not exist under the proffered grounds. On May 7, 2008, plaintiffs filed a First Amended Complaint adding a federal claim and two additional individual defendants (Doc. 26). Plaintiffs also filed a Notice (Doc. 25) that the First Amended Complaint rendered moot plaintiffs' motion for remand, but that plaintiffs continued to seek an award of attorney fees as defendant's notice of removal had no legal or factual basis.

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has explained,

> Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely,

>where an objectively reasonable basis exists, fees should be
>denied. In applying this rule, district courts retain discretion to
>consider whether unusual circumstances warrant a departure from
>the rule in a given case. For instance, a plaintiff's delay in seeking
>remand or failure to disclose facts necessary to determine
>jurisdiction may affect the decision to award attorney's fees.
>When a court exercises its discretion in this manner, however, its
>reasons for departing from the general rule should be "faithful to
>the purposes" of awarding fees under § 1447(c).[1]

In this case, the Court is unable to conclude that defendant did not have an objectively reasonable basis for seeking removal. Moreover, the Court did not grant plaintiffs' motion to remand, which became moot when plaintiffs' voluntarily filed their First Amended Complaint. Indeed, plaintiffs state in their Notice that "by virtue of the removal and the resultant legal research undertaken, plaintiffs' counsel discovered in the last week that plaintiffs, Marsha Scott and Vicki Hargis, as well as similarly situated current and former employees, have a federal law claim." The Court does not find any unusual circumstances present that would warrant a departure from the general rule. Therefore, the Court declines plaintiffs' request to impose fees and costs associated with the motion.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiffs' Motion for Remand is DENIED as moot; plaintiffs' request for attorney's fees is also DENIED.

IT IS SO ORDERED.

Dated this 19th day of May, 2008.

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

---

[1] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).