# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MARSHA SCOTT and VICKI HARGIS, individually and on behalf of similarly situated persons,

*Plaintiffs*,

vs.

RAUDIN MCCORMICK, INC. et al.,

*Defendants*.

Case No. 08-4045-EFM

**MEMORANDUM AND ORDER**

On October 30, 2009, the Court issued its Memorandum and Order on Plaintiffs' Motion for Partial Summary Judgment and on Defendants' Cross Motions for Partial Summary Judgment (Doc. 464). Following that Order, Plaintiffs timely moved the Court to reconsider that Order, but only with respect to the Court limiting its finding that Corporate Defendants' drivers were not exempt from the overtime provisions of the Federal Labor Standards Act (FLSA) through the Motor Carrier Act (MCA) exemption, to the time period of August 10, 2005 through June 6, 2008.[1] For the reasons set forth below, we grant Plaintiffs' motion.

Plaintiffs argue that not only are Corporate Defendants' drivers entitled to receive pay for overtime worked from August 10, 2005 through June 6, 2008, but they are also entitled to receive pay for overtime worked from June 6, 2008 forward. Plaintiffs contend that the Court erred in concluding that Corporate Defendants' drivers' entitlement to overtime under the FLSA terminated on June 6, 2008, rather than continuing indefinitely. Plaintiffs assert that, pursuant to Section 306 of the Technical Corrections Act

---

[1]Defendants have not filed a response to Plaintiffs' Motion to Reconsider.

(TCA), drivers of Corporate Defendants who operate motor vehicles satisfying the requirements of Section 306(c) remain employees covered by section 7 of the FLSA despite the amendments promulgated through the TCA. As a result, in addition to being entitled to receive pay for overtime from August 10, 2006 through June 6, 2008, these drivers are entitled to overtime compensation under the FLSA from June 6, 2008 to present. We agree.

In the Court's October 30, 2009 Memorandum and Order, we erroneously concluded that, by Congress amending the definition of "motor carrier" through the TCA, the MCA once again exempted from the FLSA's overtime provisions an employee of a motor carrier while operating a motor vehicle of 10,000 pounds or less designated to transport eight or less passengers when operated in interstate commerce. In doing so, the Court neglected to consider section 306 of the TCA. Section 306 provides:

> Beginning on the date of enactment of this Act [June 6, 2008], section 7 of the Fair Labor Standards Act of 1938 (29 U.S.C. 207) shall apply to a covered employee *notwithstanding section 13(b)(1) of that Act* (29 U.S.C. 213(b)(1)).[2]

Section 306 of the TCA defines a "covered employee" as an individual employed by a motor carrier whose work is defined, in part, as a driver affecting the safety of operations of a motor vehicle weighing less than 10,000 pounds and designed to transport less 8 or less passengers, including the driver, in interstate commerce.[3]

As section 306 indicates, the overtime provisions of the FLSA apply to a driver that meets the requirements of a "covered employee," as outlined in section 306(c), irrespective of the MCA exemption. Thus, section 306, in effect, has eliminated the MCA exemption for those Corporate Defendants' drivers

---

[2]Technical Corrections Act, Pub. L. No. 110-244, § 306(a), 122 Stat. 1572 (2008) (emphasis added). As discussed in our October 30, 2009 Order, 29 U.S.C. § 213(b)(1) is the Motor Carrier Exception to the overtime provisions of the FLSA.

[3]*Id.* § 306(c).

operating non-commercial motor vehicles. As a result, we find, consistent with *Tews v. Renzenberger, Inc.*,[4] that Corporate Defendants' drivers were not exempt from the overtime provisions of the FLSA through the Motor Carrier Act exemption from August 10, 2005 to present. Therefore, we modify the Court's October 30, 2009 Memorandum and Order to the extent that it is contrary to this Order.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Reconsideration of the Court's October 30, 2009 Memorandum and Order on Motion for Partial Summary Judgment (Doc. 472) is hereby GRANTED.

**IT IS FURTHER ORDERED** that the Court's October 30, 2009 Memorandum and Order is hereby modified consistent with this Order.

**IT IS SO ORDERED.**

Dated this 16th day of December, 2009, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[4] 592 F. Supp. 2d 1131 (D. Kan. 2009).