# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MARSHA SCOTT and VICKI HARGIS, )
individually and on behalf )
of similarly situated persons, )
    )
          Plaintiffs, )
    )
v. )   Case No. 08-4045-EFM
    )
RAUDIN McCORMICK, INC., *et al.*, )
    )
          Defendants. )

## MEMORANDUM AND ORDER

This matter comes before the court upon Defendants'[1] Rule 37 Motion for an Order Compelling Discovery (Doc. 455) and upon plaintiffs' Motion for Leave to File Surreply to Defendants' Reply Memorandum in Support of Motion to Compel (Doc. 490). For reasons explained more fully below, defendants' motion to compel is granted in part and denied in part, and plaintiffs' motion to file a surreply is denied.

    **I.**    **Procedural Requirement to Confer**

Before considering the merits of the corporate defendants' motion to compel, the court must determine whether the corporate defendants have complied with the requirements of the Federal Rules of Civil Procedure and this district's local rules regarding the movant's duty to confer with opposing counsel prior to filing a motion to compel. Fed. R. Civ. P. 37(a)(1) provides that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it

---

[1] Although defense counsel now represents all defendants in this action, the discovery requests at issue in the motion to compel were only served on behalf of the corporate defendants, not the two individual defendants named in this suit. There is no explanation before the court as to how the individual defendants may properly bring a motion to compel responses to discovery requests that they did not serve. Accordingly, the court construes the instant motion as the corporate defendants' motion to compel.

without court action." This district's local rules expand on the movant's duty to confer, stating "[a] 'reasonable effort' to confer means more than mailing or faxing a letter to the opposing party."[2] It requires the parties in good faith to "converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[3] The rule also requires the movant to "describe with particularity the steps taken by all counsel to resolve the dispute" so that the court can evaluate whether the movant made a reasonable effort to confer.[4] When determining whether the moving party has satisfied the duty to confer, the court looks beyond the sheer quantity of contacts.[5] It examines their quality as well:

> When the dispute involves objections to requested discovery, parties do not satisfy the conference requirements simply by requesting or demanding compliance with the requests for discovery. The parties need to address and discuss the propriety of asserted objections. They must deliberate, confer, converse, compare views, or consult with a view to resolve the dispute without judicial intervention. They must make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.[6]

In this case, the court finds the corporate defendants have met the conference requirements embodied in the Federal Rules and in the local rules. After plaintiffs served objections to the corporate defendants' interrogatories and requests for production, counsel for the corporate

---

[2] D. Kan. 37.2

[3] *Id.*

[4] *See id.*

[5] *Contracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999).

[6] *Id.*

2

defendants met with plaintiffs' counsel and agreed to withdraw or revise certain discovery requests. Plaintiffs agreed to withdraw some of their objections to the discovery requests. The court finds that for the purposes of the instant motion, these attempts at resolving the issue are sufficient. For these reasons, the court finds defendants have satisfied the procedural conference requirements.

## II.     Timeliness of the Motion to Compel

D. Kan. R. 37.1(b) provides that a motion to compel "shall be filed and served within 30 days of the default or service of the response, answer or objection which is the subject of the motion, unless the time for filing of such motion is extended for good cause shown." The rule goes on to state that failure to timely file a motion to compel means the party seeking discovery waives its objection to the opposing party's default, response, answer, or objection. Judges in this district have consistently found that the beginning of the thirty-day period is triggered "when specific information first leading to the dispute is discovered."[7] Under the rule, the motion to compel would be untimely because the corporate defendants waited more than thirty days from the due date of plaintiffs' responses to both the original and amended discovery requests before filing the motion to compel.

Judges in this district have occasionally allowed untimely motions to compel when the existence of information or documents is not known until after the deadline,[8] or when the moving party has relied upon the opposing party's assurances of compliance.[9] In this case, the parties agreed

---

[7] *Continental Cas. Co. v. Multiservice Corp.*, No. 06-2256-CM, 2008 WL 73345, at *4 (D. Kan. Jan. 7, 2008); *see also MGP Ingredients, Inc. v. Mars, Inc.*, No. 06-2318-JWL, 2007 WL 3353401, at *2 (D. Kan. Nov. 10, 2007) (same).

[8] *See, e.g., v. Standard Register Co.*, No. 01-2513-CM, 2003 WL 365955, at *2 (D. Kan. Jan. 21, 2003) (allowing a motion to compel when the moving party had no basis for knowing responsive information was not provided in the opposing party's responses to an interrogatory).

[9] *See, e.g., Allianz Ins. Co. v. Surface Specialties, Inc.*, No. 03-2470, 2005 WL 44534, at *1 (D. Kan. Jan. 7, 2005) (excusing the untimely filing of a motion to compel based on a showing that the parties' mutual efforts to resolve the discovery dispute continued after the thirty-day deadline to file the motion to compel).

3

to extend the deadline for plaintiffs to respond to the discovery requests given the large number of responses plaintiffs' counsel was coordinating. It appears that after working with plaintiffs' counsel to reform the discovery requests, the corporate defendants had no reason to believe plaintiffs would fail to respond. For these reasons, the court will allow the motion. In the future, the parties should file a motion for an extension of time to respond to discovery or a motion for an extension of time to file a motion to compel.[10]

### III.  Background

The discovery dispute at issue in defendants' motion to compel involves amended interrogatories and requests for the production of documents served on opt-in plaintiffs in this Fair Labor Standards Act ("FLSA") collective action. On May 13, 2009, defendants Raudin McCormick, Inc., RailCrew Xpress, LLC, RailCrew, Corp., JLS, Inc., and Brown's Crew Car of Wyoming, Inc. ("the corporate defendants") served on plaintiffs Corporate Defendants' First Set of Interrogatories and Corporate Defendants' First Set of Document Requests.[11] Plaintiffs asserted multiple objections to the discovery requests, which prompted the parties to confer in an attempt to resolve some of these issues. The corporate defendants agreed to withdraw some of the discovery requests to revise others. In exchange, plaintiffs agreed to withdraw certain objections.

The corporate defendants state that on July 1, 2009, they served the revised discovery requests on the opt-in plaintiffs and agreed to allow plaintiffs an additional thirty days to respond to the requests, realizing the burden imposed on plaintiffs' counsel in coordinating responses from

---

[10] *See* Fed. R. Civ. P. 29(b) (allowing the parties to stipulate to modifications concerning "other procedures governing or limiting discovery" unless the stipulation "would interfere with the time set for completing discovery"); *see also* First Amended Scheduling Order (Doc. 422) (providing for a deadline of November 16, 2009, for the completion of all discovery, which expired before the instant motion to compel became fully briefed).

[11] Corporate Defendants Certificate of Service of Discovery Requests (Doc. 395) at 1.

4

numerous opt-in plaintiffs. As of October 13, 2009, when defendants filed the motion to compel, they state they had not received any of the discovery sought. The parties inform the court that of the approximately 1,549 opt-in plaintiffs served with discovery requests, 964 opt-in plaintiffs have not failed to respond, and plaintiffs' counsel has not produced to the corporate defendants the discovery responses received from approximately 600 opt-in plaintiffs who did respond to the discovery requests. The corporate defendants state they are working with plaintiffs' counsel to determine how to provide the 600 responses to defense counsel in a reasonably usable form. Therefore, they do not seek an order compelling these responses but do request that the court compel the 964 opt-in plaintiffs who have not responded to discovery requests to do so immediately.

**IV.    Motion to Compel**

The court is guided by several principles when resolving motions to compel. First, the moving party must indicate what discovery it seeks to compel.[12] Therefore, the court will only discuss those requests for production specifically addressed by plaintiff. Second, "when ruling on a motion to compel, the Court will consider only those objections that have been (1) timely asserted, and (2) relied upon in response to the motion to compel."[13] "Objections initially raised but not relied upon in response to the motion to compel will be deemed abandoned."[14] Accordingly, the court will only discuss those objections raised by plaintiffs and relied upon in their response to the instant

---

[12] *See Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL, 2005 U.S. Dist. LEXIS 5170, at * 13 (D. Kan. March 30, 2005) (finding that the moving party need not address each objection in its motion to compel, but requiring "[i]n most cases, the moving party need only file its motion to compel and draw the court's attention to the relief the party seeks").

[13] *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 380 n.15 (D. Kan. 2005) (citing *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 641 (D. Kan. 2004); *Contracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999)).

[14] *Id.*

motion.

Third, as a general matter, the court "looks with disfavor on conclusory or boilerplate objections."[15] Specifically,

> [w]hen a party files a motion to compel and asks the Court to overrule certain objections, the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable. By failing to address these types of objections in response to a motion to compel, a party fails to meet its burden to support its objections.[16]

As a result of such a failure, "[t]he Court is then left without any basis to determine whether the objections are valid and applicable in light of the particular circumstances of the case."[17] Thus, while the court will examine a party's objections, the court will not consider boilerplate objections to the extent that party has failed to support them.[18]

Although plaintiffs frame their opposition to the motion to compel in terms of their objections to the discovery requests, the nature of the discovery dispute is best described as the failure of the majority of opt-in plaintiffs to respond to discovery requests. The evidence before the court shows that the parties attempted to resolve issues related to the corporate defendants' discovery requests. As a compromise, the corporate defendants revised multiple discovery requests, and the evidence before the court shows that plaintiffs agreed to waive at least some—if not all—of their objections and agreed to provide opt-in plaintiffs with copies of the discovery requests.

---

[15] *Sonnino,* 220 F.R.D. at 670.

[16] *Id.*

[17] *Id.*

[18] *See Horizon Holdings Inc. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002) (citing *Snowden v. Connaught Lab., Inc.*, 137 F.R.D. 325, 322 (D. Kan. 1991)).

Plaintiffs now ask the court to deny the motion to compel on the ground that individualized discovery should be limited or prohibited in an FLSA collective action. As explained below, plaintiffs have waived any objections they may have had to the amended discovery requests by failing to respond to them. Furthermore, case law does not support a bright-line rule that individualized discovery in an FLSA collective action is always limited or prohibited. In this case, the evidence shows plaintiffs' counsel either expressly or impliedly agreed to individualized discovery and only objected when the majority of opt-in plaintiffs failed to respond to the discovery requests.

A. **Waiver**

The failure to respond to discovery requests typically constitutes a waiver of all objections thereto.[19] At the time corporate defendants filed the motion to compel, plaintiffs still had not provided them with responses to their amended discovery requests. Plaintiffs failed to provide any responses within the time period prescribed by the Federal Rules of Civil Procedure and this district's local rules, and plaintiffs failed to provide any responses within the extended time period to which the parties stipulated. As such, it appears plaintiffs have waived all of their objections to the discovery requests. Finding plaintiffs have waived their objections to the discovery requests presents a sufficient basis to grant the motion to compel. Nevertheless, the court will address plaintiffs' arguments regarding individualized discovery, which also fail.

B. **Individualized Discovery**

---

[19] *Sonnino*, 220 F.R.D. at 642; *Hoffman v. United Telecomms., Inc.*, 117 F.R.D. 436, 438 (D. Kan. 1987); *Foreclosure Mgmt. Co. v. Asset Mgmt. Holdings, LLC*, No. 07-2388-DJW, 2008 WL 3822773, at *8 n.37 (D. Kan. Aug. 13, 2008); *McCormick v. City of Lawrence*, No. 02-2135, 2005 WL 1606595, at *4 (D. Kan. July 8, 2005); *Heil-Winger v. St. Luke's Shawnee Mission Med. Ctr.*, No. 36-2555-EEO, 1997 WL 634342, at *1 (D. Kan. Oct. 10, 1997).

Plaintiffs argue individualized discovery is inappropriate in an FLSA collective action but do not specify what exact objection they are asserting. It appears an undue burden objection would be most appropriate. A party asserting an undue burden objection must typically present an affidavit or other evidentiary proof of the time or expense involved with responding to the discovery requests at issue.[20] Plaintiffs have made no evidentiary showing of the time or expense involved with responding to the discovery requests. The burden imposed on each individual opt-in plaintiff does not appear to be unreasonable. The corporate defendants seek only written discovery and have declined to utilize more time-consuming discovery devices such as taking the depositions of the opt-in plaintiffs. While it does appear obvious plaintiffs' counsel would expend much time coordinating the discovery responses of such a large number of opt-in plaintiffs, plaintiffs' counsel has already done so. The discovery requests have already been sent to the opt-in plaintiffs, and plaintiffs' counsel has sent follow-up correspondence to the opt-in plaintiffs informing them they may be dismissed from this suit if they refuse to participate in discovery.

Apart from any undue burden objection, there is no bright-line rule that the court should always limit or prohibit individualized discovery in an FLSA collective action.[21] Plaintiffs argue individualized discovery is inappropriate because the corporate defendants already possess much of the information they seek. Fed. R. Civ. P. 26(b)(1) specifies that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . ." The Federal Rules of Civil Procedure do not restrict discovery to matters that may be outside the knowledge of

---

[20] *Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 222 F.R.D. 450, 454 (D. Kan. 2004) (citing *Sonnino*, 220 F.R.D. 633, 653 (D. Kan. 2004).

[21] *See, e.g., Williams v. Sptint/United Mgmt. Co.*, No. 03-2200-JWL, 2006 WL 1867471, at *2 (D. Kan. June 30, 2006) (allowing a defendant to depose plaintiffs in a collective action even though the defendant had already taken the depositions of more than 300 opt-in plaintiffs).

the party seeking discovery.[22] Plaintiffs' counsel also speculates that many opt-in plaintiffs lack the ability to fully comprehend the discovery requests. Although the opt-in plaintiffs may have varied backgrounds and levels of education, this is not an excuse for refusing to participate in discovery. Judges in this district routinely encounter litigants with different levels of understanding of the legal system. Nevertheless, these parties—including those unrepresented by counsel—are required to participate in discovery, which includes responding to discovery requests.[23] The opt-in plaintiffs in this action could have contacted their attorneys had they not fully understood the requests, or they could have attempted to respond to the best of their abilities. Most opt-in plaintiffs did neither. Their failure is not excused by the fact that plaintiffs' counsel speculates they may not have understood what was being asked of them.

Plaintiffs also cite several opinions from other districts prohibiting or limiting individualized discovery. Indeed, federal district courts have not adopted a consistent approach to the scope of discovery in FLSA collective actions. While some courts have allowed individualized discovery,[24] others have limited or prohibited the practice.[25] However, plaintiffs have declined to mention a 2008 opinion from this district in which Judge Vratil allowed individualized discovery in an FLSA

---

[22] *See also Adkins v. Mid-American Growers, Inc.*, 143 F.R.D. 171, 174 (N.D. Ill. 1992) ("That [defendant] may possess the sought after information is not a reason itself to prohibit individualized discovery requests.").

[23] *See, e.g., Davis v. McCarter*, No. 06-3320, 2008 WL 1867974, at *1 (D. Kan. Apr. 24, 2008) (stating that a litigant's failure to respond to discovery requests is not excused because of the party's *pro se* status).

[24] *See, e.g., Coldiron v. Pizza Hut, Inc.*, No. CV03-5865TJHMCX, 2004 WL 2601180 (C.D. Cal. 2004) (allowing individualized discovery of opt-in plaintiffs) (citing *Krueger v. New York Tel. Co.*, 163 F.R.D. 446, 449-52 (S.D.N.Y. 1995) and *Kaas v. Pratt & Whitney*, No. 89-8343, 1991 WL 158943 (S.D. Fla. Mar. 18, 1991) (same result).

[25] *see also Smith v Lowe's Home Ctrs., Inc.*, 236 F.R.D. 354, 357-58 (S.D. Ohio 2006) (limiting discovery to a statistically significant representative sampling); *Cranney v. Carriage Svs., Inc.*, No. 2:07-cv-01587-RLH-PAL, 2008 WL 2457912 (D. Nev. June 16, 2008) (entering a protective order limiting individualized discovery to ten percent of the class members).

9

collective action and distinguished two opinions cited by plaintiffs.[26] In *Renfro v. Spartan Computer Services, Inc.*, Judge Vratil overruled plaintiffs' objections to a magistrate judge's order denying plaintiffs' motion for a protective order from defendants' document requests, interrogatories, and notice of depositions.[27] Like the plaintiffs in this case, the plaintiffs in *Renfro* argued individualized discovery was inappropriate in an FLSA collective action. The *Renfro* plaintiffs, like the plaintiffs in this action, also pointed the court to *McGrath v. City of Philadelphia*, a 1994 opinion from the Eastern District of Pennsylvania holding that defendants in an FLSA collective action were "not entitled to individualized discovery as to liability issues."[28] Judge Vratil concluded *McGrath* cannot be interpreted to mean individualized discovery is always inappropriate in an FLSA collective action.[29] She, like the undersigned, was "not persuaded that any case law supports such a broad rule."[30]

Furthermore, Judge Vratil questioned the rationale of the courts in *McGrath* and *Adkins v. Mid-America Growers, Inc*, a 1992 opinion from the Northern District of Illinois determining that representative discovery was more appropriate in a collective action.[31] More specifically, Judge Vratil noted these opinions relied on discovery principles employed in Rule 23 class actions. FLSA

---

[26] *See Renfro v. Spartan Computer Svs., Inc.*, 06-2284-KHV, 2008 WL 821950 (D. Kan. Mar. 26, 2008).

[27] *See generally id.*

[28] *McGrath v. City of Philadelphia*, No. 92-4570, 1994 WL 45162, at *2 (E.D. Pa. Feb. 10, 1994).

[29] *Renfro,* 2008 WL 821950, at * 2 n.2.

[30] *Id.*

[31] *Id.* at * 3 (citing *Adkins v. Mid-Am. Growers, Inc.*, 141 F.R.D. 466 (N.D. Ill. 1992). Plaintiffs point the court to *Adkins v. Mid American Growers, Inc.*, 143 F.R.D. 141 (N.D. Ill. 1993), which is not a correct citation to this opinion. The court assumes plaintiffs meant to cite the opinion cited by Judge Vratil, which questions the appropriateness of individualized discovery in an FLSA collective action.

10

collective actions, unlike Rule 23 class actions, require plaintiffs to consent to join the suit.[32] Opt-in plaintiffs in a collective action decide to participate in the suit and become party plaintiffs once they file their consent to join the action. As Judge Vratil noted, Rule 23 "principles are not controlling in actions under the FLSA."[33] The *Renfro* plaintiffs had also been warned they may be required to participate in written discovery. Similarly, plaintiffs' counsel in the present action has warned the opt-in plaintiffs who failed to respond to discovery requests that they were required to do so and that they may be dismissed from this action for their failure to participate in discovery.

Other case law cited by plaintiffs is also distinguishable. For example in *Fast v. Applebee's International*, a 2008 opinion from the Western District of Missouri, plaintiffs' counsel appears to have lodged timely objections to individualized discovery.[34] Instead of working with defense counsel to reform the discovery requests, the plaintiffs in *Fast* objected to the discovery requests on the grounds that they were overly broad, unreasonably burdensome, improper in an FLSA collective action, and harassing.[35] Although the district judge denied Applebee's motion to compel, she did not find that individualized discovery in an FLSA collective action was improper. To the contrary, the district judge in that case limited individualized discovery, imposing a handful of requirements the discovery requests must meet in order to be allowed.[36] The discovery requests served by the defendant in that action simply did not meet those requirements.

In contrast to the case law plaintiffs cite, the plaintiffs in this action did not object to

---

[32] *See* 29 U.S.C. § 216(b).

[33] *Renfro,* 2008 WL 821950, at *3.

[34] *Fast v. Applebee's Int'l*, No. 06-4143-CV-C-NKL, 2008 WL 5432288, at *1 (W.D. Mo. 2008).

[35] *Id.*

[36] *Id.* at *2.

11

individualized discovery until the majority of opt-in plaintiffs failed to respond the discovery requests. Moreover, at least some evidence strongly suggests that plaintiffs agreed to individualized discovery. For example, plaintiffs' counsel worked with defense counsel to revise the original discovery requests.[37] The undersigned is incredulous that plaintiffs' counsel would engage in such a time-consuming activity if counsel wholly objected to individualized discovery. If plaintiffs did intend to lodge such a broad objection to the scope of discovery, they could have brought the matter to the court's attention in the form of a motion for a protective order. Instead, plaintiffs did not explain their position to the court until they filed their response in opposition to the motion to compel on the same day discovery closed. At this point, it would simply be unfair to the corporate defendants now to limit discovery because plaintiffs' attorneys did not receive the response from their clients they would have liked. The court simply cannot sustain plaintiffs' belated broad objection to discovery when it appears the impetus for making such an objection was opt-in class members' failure to respond to the discovery requests that both sides agreed upon. Accordingly, this objection is overruled.

For the foregoing reasons, the motion to compel is granted insofar as the corporate defendants seek to compel responses to the amended discovery requests served on opt-in plaintiffs. The corporate defendants have asked the court to order plaintiffs to produce discovery responses within ten days of this order. The undersigned believes more time is necessary given the large number of opt-in plaintiffs who have not responded. Accordingly, the court orders plaintiffs' counsel to produce discovery responses to the corporate defendants within thirty days from the date

---

[37] *See also* Scheduling Order (Doc. 239) at 4 and First Amended Scheduling Order (Doc. 422) at 4 (based on the jointly prepared planning reports submitted by the parties and allowing up to thirty interrogatories of any party to this action).

of this order. At this time, plaintiffs' counsel shall also produce to the corporate defendants the names of the opt-in plaintiffs who have failed to respond to the discovery requests.

V.     **Attorney Fees & Expenses**

Although the corporate defendants not seek to recover the fees and expenses incurred in connection with filing the instant motion, the court must consider this matter pursuant to Fed. R. Civ. P. 37(a)(5). The rule requires the court to award reasonable expenses and attorney fees to the prevailing party unless the position of the non-prevailing party is substantially justified or other circumstances make an award of expenses unjust. In this case, the court finds other circumstances make an award of expenses and fees unjust. Plaintiffs' attorneys represent a large class of opt-in plaintiffs and have clearly encountered difficulty ensuring opt-in class members provide timely discovery responses to the opposing parties. This, coupled with the fact that plaintiffs' attorneys have made significant efforts to obtain responses from opt-in class members, make an award of expenses and fees unjust.

VI.    **Plaintiffs' Motion for Leave to File a Surreply**

Also before the court is plaintiffs' motion seeking leave to file a surreply. Courts in this district generally disfavor surreplies and only allow them in extraordinary circumstances.[38] Plaintiffs seek to file a surreply "(i) to advise the court that defendants have incorrectly defined what a 'commercial motor vehicle' is under federal law in their reply memorandum and (ii) to prevent a conflict of standards defining what vehicles are to be considered 'commercial motor vehicles' in the determination of the requirement to pay overtime to collective class members."[39] The court does

---

[38] *Vulcan Materials Co. v. Atofina Chems, Inc.*, 355 F. Supp. 2d 1214, 1246 (D. Kan. 2005).

[39] Motion for Leave to File Surreply to Defendants' Reply Memorandum in Support of Motion to Compel (Doc. 490) at 3.

13

not find this information—presented in the reply brief and in the proposed surreply—to be relevant or helpful in deciding the motion to compel. The court also declines to consider the majority the corporate defendants' response to motion for leave to file a surreply because the brief contains arguments pertaining to the motion to compel, as does plaintiffs' reply brief. The parties' decision to use plaintiffs' motion for leave to file a surreply as an opportunity to continue briefing on the motion to compel is improper. Furthermore, both sides have filed lengthy briefs and presented the court with numerous exhibits involving a relatively uncomplicated discovery dispute: Plaintiffs counsel agreed that opt-in plaintiffs would respond to individualized discovery but failed to timely provide the corporate defendants with any discovery responses. Plaintiffs' motion for leave to file a surreply is denied.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendants' Rule 37 Motion for an Order Compelling Discovery (Doc. 455) is hereby GRANTED in part and DENIED in part. The motion is granted insofar as the corporate defendants seek an order compelling plaintiffs to respond to their amended discovery requests. The motion is denied in all other respects.

**IT IS FURTHER ORDERED** that plaintiffs' counsel shall produce all responses to the corporate defendants' amended interrogatories and requests for production within thirty days of the date of this order. At that time, plaintiffs' counsel shall produce to the corporate defendants the names of the opt-in plaintiffs who have failed to respond to the discovery requests.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Leave to File Surreply to Defendants' Reply Memorandum in Support of Motion to Compel (Doc. 490) is hereby DENIED.

**IT IS SO ORDERED.**

Dated this 28th day of January, 2010, at Topeka, Kansas.

                                                 <u>s/ K. Gary Sebelius</u>
                                                 K. Gary Sebelius
                                               U.S. Magistrate Judge