# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MARSHA SCOTT and VICKI HARGIS,
individually and on behalf of similarly
situated persons,

*Plaintiffs*,

vs.

Case No. 08-4045-EFM

RAUDIN MCCORMICK, INC. et al.,

*Defendants*.

## MEMORANDUM AND ORDER

This action comes before the Court on Plaintiffs' claims of unpaid wages and overtime in violation of both federal and state law. Plaintiffs were employed as drivers for Defendants, where their duties required them to transport railroad company crews to various locations. Prior to taking these trips, Plaintiffs allege they were required to perform certain pre-trip and post-trip vehicle inspections for which they claim they received no compensation. Plaintiffs also claim that they were required to attend mandatory safety meetings and submit to random drug testing, often when they were off-duty, for which they also were not compensated. Plaintiffs allege that the Defendants' conduct violated the Fair Labor Standards Act (FLSA),[1] violated various state wage payment acts, and breached an implied contract of employment. Plaintiffs also claim a right to recover their unpaid wages under quantum meruit.

---
[1] 29 U.S.C. § 201 *et seq.*

On August 27, 2008, the Court conditionally certified this case as a collective action pursuant to 28 U.S.C. § 216(b) of the FLSA. Thereafter, Plaintiffs' counsel sent a Notice of Pendency of Collection Action Lawsuit ("Notice") to putative class members who were identified through information provided by Defendants. The Notice informed putative class members, among other things, of the deadline to opt-in and the effect of joining the suit. As a result of the Notice provided, 1,548 individuals opted into this action. Defendants claim that a number of putative class members have failed to respond to any of Defendants' discovery, and further claim that fifteen individuals opted in after the deadline had passed. Defendants now move the Court to Strike all opt-in notices that have been filed after the deadline to opt-in, and also move for Sanctions under Rule 37 of the Federal Rules of Civil Procedure for discovery violations.

**1. Defendants' Motion to Strike**

After the Court conditionally certified this case as a collective action, it authorized Plaintiffs to provide notice to putative class members. The notice described who could become a plaintiff in the class and provided those individuals falling within that description the opportunity to opt-in to the litigation by completing and returning the included "Consent to Become Party Plaintiff" form. The Notice further instructed:

> The form must be mailed in sufficient time to have been received by **Joseph H. Cassell** on or before **June 15, 2009.** If you fail to return the "Consent to Become Party Plaintiff" form to **Joseph H. Cassell** by **June 15, 2009,** you will not be able to participate in this lawsuit.[2]

Defendants contend that while the Court did not initially set a deadline for putative plaintiffs to opt-in, it later ordered that putative class members must opt-in to the FSLA collective action by

---

[2]Doc. 458-1, p.4 (Notice of Pendency of Collective Action Lawsuit) (emphasis in original).

June 15, 2009. The Court subsequently extended that deadline to July 15, 2009.[3] Defendants assert that a number of individuals opted into this action after the deadline had passed, and suggest that, because Plaintiffs failed to move for leave to file those opt-ins out of time and because they failed to demonstrate any excusable neglect under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, the late filed opt-ins must be stricken.

Plaintiffs argue that the Court's Order does not require that Plaintiffs file the opt-ins by July 15, 2010, but instead, only requires that putative class members opt-in to the class by that date. Plaintiffs appear to suggest that by providing a signed consent form within the deadline to Plaintiffs' counsel, they have timely opted into the action whether or not those consents were filed with the Court. Plaintiffs, however, are mistaken.

Section 216 of Title 29 provides, in part, that "[n]o employee shall be a party plaintiff to any such [FLSA] action unless he gives his consent in writing to become such a party *and such consent is filed in the court in which such action is brought*."[4] Thus, to affirmatively opt-in to an FLSA collective action, a plaintiff must do so in writing, and that writing must be *filed* with the Court before they will be included in the lawsuit.[5]

Here, Plaintiffs filed fourteen opt-in notices at various times after the opt-in deadline without first requesting leave of the Court. When required, the Court may, *on motion*, extend the time for Plaintiffs to file their opt-ins after the time has expired if their failure to act was because of

---

[3]Doc. 422, p.2 (First Amended Scheduling Order).

[4]29 U.S.C. § 216(b) (emphasis added).

[5]*See Albritton v. Cagle's, Inc.*, 508 F.3d 1012, 1017 (11th Cir. 2007); *see also Basch v. Ground Round, Inc.*, 139 F.3d 6, 10 (1st Cir. 1998) (stating individual must affirmatively file consent to the action with the court to be a member of the class); *EEOC v Pan Am. World Airways, Inc.*, 897 F.2d 1499, 1508 n.11 (9th Cir. 1990) *cert. denied,* 498 U.S. 815 (1990) (employees must opt into to the action by filing consent with the court); *Henderson v. Transp. Gp. Ltd.*, 2010 WL 2629568, at *3 (S.D.N.Y. July 1, 2010).

excusable neglect.[6] Plaintiffs, however, have filed no such motion requesting leave of the Court to file their consents to opt-in to this lawsuit out of time. Instead, Plaintiffs assert in their Response to Defendants' Motion to Strike that good cause exists to permit the untimely opt-ins to remain in this action. Plaintiffs have asserted that the rules only require that putative class members submit their consents to join to counsel prior to the deadline to opt-in. By their actions, Plaintiffs appear to believe that they may then, at their leisure, file those consents whenever they so choose. The rules and case law, however, dictate otherwise.

Plaintiffs have previously in this case ignored this Court's rules that require leave of the Court prior to filing documents out of time. In fact, the Court has previously stricken other of Plaintiffs' filings and has thereafter required that they follow the proper procedures for filing untimely documents. Yet, Plaintiffs continue to disregard both this Court's rules and the Federal Rules of Civil Procedure relating to filing documents in litigating this case. Thus, because of the foregoing, Defendants' Motion to Strike is granted.

Even if the Court would construe Plaintiffs' Response to Defendants' Motion to Strike as one for Leave to File out of Time, we would reach a similar conclusion. When determining whether neglect is excusable, the Court considers: (1) the danger of prejudice to the opposing party, (2) the length of delay caused by the neglect and its impact on judicial proceedings, (3) the reason for delay and whether it was in the reasonable control of the moving party and (4) the existence of good faith on the part of the moving party.[7] Generally, courts are more forgiving of missed deadlines caused by clerical calendaring errors, mathematical miscalculations of deadlines and mishandling of

---

[6] Fed. R. Civ. P. 6(b)(1)(B).

[7] *Hamilton v. Water Whole Int'l Corp.*, 302 Fed. Appx. 789, 798 (10th Cir. 2008) (citing *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004)).

documents,[8] but are less forgiving when deadlines are missed due to lawyering mishaps, such as where counsel misconstrues or misinterprets the rules or makes poor tactical decisions.[9] Fault in the delay is "perhaps the most important single factor in determining whether neglect is excusable."[10]

Plaintiffs assert that two opt-in Plaintiffs, Harold Cooks and Joel Ramirez, provided Plaintiffs' counsel with signed consents to join, each dated July 13, 2009, prior to the opt-in deadline.[11] To opt-in to this action, however, Cooks' and Ramirez' consents to join must have been filed with the Court by July 15, 2009. Plaintiffs counsel did not file these consents with the Court until July 21, 2009, six days after the deadline had passed.[12] Therefore, these consents to join this lawsuit were untimely. Plaintiffs' counsels' only explanation for the delay in filing these consents

---

[8]*See, e.g., Brown v. Fisher*, 251 Fed. Appx. 527, 533 (10th Cir. 2007) (excusable neglect where complaint delivered to administrative assistant not authorized to accept on defendant's behalf); *Hancock v. City of Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988) (excusable neglect where counsel overlooked summary judgment motion delivered in stack of other documents); *Espy v. Mformation Techs.*, 2009 WL 2912506, at *11 (D. Kan. Sept. 9, 2009) (excusable neglect when paralegal did not check certificate of service for admission requests delivered by hand and erroneously added three days when calendaring response deadline); *see also Law v. Bd. of Trs. of Dodge City Cmty. Coll.*, 2008 WL 5120037, at *2 (D. Kan. Nov. 26, 2008) (excusable neglect, barely, when counsel timely dictated discovery responses which were not timely typed because of staffing issues); *Akright v. Flex Fin. Holding Co.*, 2008 WL 1958345, at *2 (D. Kan. May 2, 2008) (allowing answer out of time when defendant failed to answer because it believed insurance carrier had secured legal representation).

[9]*See Sizemore v. State of New Mex. Dept. of Labor*, 182 Fed. Appx. 848, 852-53 (10th Cir. 2006) (no excusable neglect where counsel ignored deadline, erroneously relied on Rule 6 to calculate deadline, failed to meet deadline and failed to seek extension immediately upon receiving defendant's motion); *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005) (no excusable neglect where counsel mistakenly construed rule and failed to timely seek attorneys' fees); *Ghamrawi v. Case & Assocs. Props. Inc.*, 116 Fed. Appx. 206, 210 (10th Cir. 2004) (no excusable neglect where counsel knew about but disregarded deadline because of workload); *Almond v. Unified Sch. Dist. # 501*, 2008 WL 1773863, at *4 (D. Kan. Apr. 16, 2008) (no excusable neglect where counsel missed deadline because of workload and failed to explain what caused error in calculating response date); *Lewis v. Herrman's Excavating, Inc.*, 200 F.R.D. 657, 660 (D. Kan. 2001) (no excusable neglect where counsel missed deadline because of tactical decision).

[10]*City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994).

[11]Cooks' and Ramiriz' consents to opt-in are the only two that Plaintiffs' counsel asserts was provided to counsel prior to the opt-in deadline.

[12]Doc. 444.

was because "they were timely mailed and received, and press of business."[13] As previously discussed, simply receiving consents to join before the deadline is insufficient to opt-in to the action. Further, the fact that counsel may have other business pending does not constitute excusable neglect.[14] Plaintiffs have provided no other reasons for the delay in filing these consents to join. Therefore, Cooks' and Ramirez' consents to join are stricken.

Plaintiffs' counsel also filed consents to join for Michael Jackson, Connie King, Joseph Stiles, and Kimberly Brown on August 4, 2009, claiming each have valid reasons for submitting their consents to Plaintiffs' counsel after the deadline.[15] Plaintiffs, however, failed to provide the Court with any excuse for filing their consents with the Court nearly a month after the deadline to opt-in. It is impossible for the Court to find excusable neglect when Plaintiffs have not given the Court any justification for the late filings. Therefore, these consents to join are also stricken. Consents to join for Anna Burley, Lori Hay, Ronald Hay, Damian Johnson, Emma Meshack, and Nora Graciela filed on September 8, 2009, and consents for Diane Cottone and Carolyn Haynes filed

---

[13] Doc. 477, p. 3.

[14] *See Ghamrawi*, 116 Fed. Appx. at 210; *Almond*, 2008 WL 1773863, at *4.

[15] Plaintiffs claim Jackson did not receive notice of the lawsuit prior to the deadline due to being incarcerated, and while this reason might qualify as excusable neglect under Fed. R. Civ. P. 6(b)(1) for untimely submitting his consent to join, *see Miller v. Dep't of the Treasury*, 934 F.2d 1161, 1162 (10th Cir. 1991), Plaintiffs' counsel has provided this Court with no explanation for the delay in actually filing Jackson's consent to permit the Court to find excusable neglect with respect to the delayed filing; therefore, Jackson's consent must be stricken. Plaintiffs' counsel argues that these opt-ins should not be penalized for any reasons beyond their control, which presumably would include counsel's failure to timely file the consents with the Court. However, in consenting to join, Plaintiffs agree to accept counsel as their representative and are accountable for the acts and omissions of their attorneys. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97 (1993). Therefore, this argument is without merit. The Court further finds that, although the reasons provided with regard to the remaining Plaintiffs' untimely opt-ins are unsupported by affidavit, those reasons do not constitute excusable neglect.

on October 23, 2009 are stricken for the same reasons.[16]

Accordingly, the consents to join this action filed by Harold Cooks and Joel Ramirez on July 21, 2009 are stricken.[17] The consents to join this action filed by Michael Jackson, Connie King, Joseph Stiles, and Kimberly Brown on August 4, 2009 are stricken.[18] Further, the consents to join filed by Anna Burley, Lori Hay, Ronald Hay, Damian Johnson,[19] Emma Meshack, and Nora Graciela on September 8, 2009 are stricken.[20] Finally, the consents to join filed by Diane Cottone and Carolyn Haynes on October 23, 2009 are also stricken.[21]

**2. Defendants' Motion for Sanctions under Rule 37**

Defendants contend that a majority of the opt-in Plaintiffs in this case have ignored their discovery obligations, and as a result, move to dismiss these Plaintiffs from the action as a sanction under Rule 37 of the Federal Rules of Civil Procedure. Defendants assert that in the initial Notice, individuals were informed that as a part of joining the suit, they might be required to respond to written discovery about their employment with Defendants. Nevertheless, after serving individualized discovery requests, a number of opt-in Plaintiffs failed to respond. Defendants

---

[16]Notwithstanding Defendants' objections in their Motion to Strike to Plaintiffs' untimely filing these consents without leave of the Court, Plaintiffs stated in their Response that they "have three consents received late that will be filed," for Diane Cottone, Carolyn Haynes, and Kenneth Logan. Thereafter, Plaintiffs' counsel filed the untimely consents of Cottone and Haynes without leave of the Court. The Court is unable to locate in the record a consent to join for Logan.

[17]Doc. 444.

[18]Doc. 446.

[19]The consent to join by Damian Johnson, dated July 30, 2009 and filed on September 8, 2009 is stricken. Johnson's consent to join filed on June 2, 2009 remains of record, and therefore, Johnson remains an opt-in Plaintiff in this action.

[20]Doc. 450.

[21]Doc. 461.

suggest that this failure ultimately prompted Plaintiffs' counsel to send a letter to each opt-in Plaintiff warning that if they do not respond to Defendants' discovery requests, they will be dismissed from the lawsuit.

According to Defendants, after this letter was sent, 584 opt-in Plaintiffs responded, leaving 964 opt-in Plaintiffs who have failed to respond to any of Defendants' discovery requests. Thereafter, on October 13, 2009, Defendants filed a Motion to Compel, which the Court granted in part, ordering all Plaintiffs to respond to Defendants' amended discovery requests within thirty days of the Court's Order. The Court also ordered Plaintiffs' counsel to provide Defendants a list of those opt-in Plaintiffs failing to comply with the Court's Order. Defendants assert that while 176 of the original non-responding opt-in Plaintiffs complied, 706 failed to comply in any respect with the Court's Order compelling discovery. Further, Defendants contend that an additional 10 have provided such incomplete discovery responses that they essentially represent no answers at all. Accordingly, Defendants suggest that the Court should dismiss these 716 opt-in Plaintiffs for failing to respond to discovery.[22]

Under Rule 37, "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include . . . dismissing the action or proceeding in whole or in part; . . . ."[23] Thus, a district court has the inherent equitable

---

[22]The Court notes that Defendants' mathematical calculations are a bit confusing. Defendants contend that 964 opt-in Plaintiffs initially failed to respond to any discovery prior to the Court's Order to Compel. Subsequent to that Order, Defendants assert that 176 opt-in Plaintiffs responded, leaving 706 who failed to comply with the Court's Order. Subtracting 176 from 964 leaves 788 opt-in Plaintiffs that theoretically failed to comply. Nonetheless, Defendants have only moved to strike 706 opt-in Plaintiffs (as identified in Defendants' Exhibit A, Doc. 516-2), and an additional 10 opt-ins for providing inadequate discovery responses (as identified in Defendants' Exhibit B, Docs. 516-3, -4). Because Defendants have provided the Court no explanation as to the remaining non-complying opt-ins, this Order will only apply to those opt-in Plaintiffs identified in Defendants' Exhibit A and B to this motion.

[23]Fed. R. Civ. P. 37(b)(2)(A)(v).

power to impose the sanction of dismissal when a party fails to comply with a court's discovery order.[24] "Because of the harshness of dismissal, however, due process requires that the discovery violation be predicated upon "willfulness, bad faith, or [some] fault of petitioner" rather than inability to comply."[25] To assist in this determination, the Tenth Circuit Court of Appeals has suggested five non-rigid factors that a district court should evaluate prior to imposing the sanction of dismissal for discovery violations.[26] These factors include: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions.[27] We address each in turn.

### a. Actual Prejudice

Defendants contend that they are severely prejudiced by the opt-in Plaintiffs' failure to respond because these Plaintiffs' individualized responses are essential to defending their claims relating to these Plaintiffs. Defendants argue that, based on the Court's previous ruling on summary judgment, Defendants do not have an absolute exemption from the FLSA's overtime pay requirements. The Court's Order also found Defendants exempt from paying some drivers under certain circumstances, such as when providing services within a terminal area. Therefore, Defendants argue that a fact-based inquiry is required of these Plaintiffs to determine whether they

---

[24] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).

[25] *Archibeque v. Atchison Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976)) (internal quotation omitted).

[26] *See Ehrenhaus*, 965 F.2d at 920-21.

[27] *Id.*

fit into any of the exemptions set in the Court's previous Order. Defendants further deny, as Plaintiffs assert, that they have the information required for making these determinations already in their possession, arguing that Plaintiffs themselves have steadfastly asserted that Defendants' records are inaccurate. As a result, Defendants have in part relied on Plaintiffs' discovery responses to determine the scope of an individual Plaintiff's driving duties. Defendants suggest that without this particularized information, they are unable to adequately defend themselves in this action.

While Plaintiffs assert a number of arguments as to why Defendants have not been prejudiced by these opt-in Plaintiffs' failure to respond, none are persuasive. Plaintiffs argue that individualized discovery is unnecessary in this case, as Defendants have all information that is required already in their possession.[28] Because the Court has previously addressed the issue of individualized discovery in a previous Order, and because Plaintiffs failed to timely move for reconsideration of that issue, we will not revisit it here. The Court previously found that individualized discovery was necessary in order for Defendants to obtain information that would permit them to determine whether any particular Plaintiff fell within certain FLSA exemptions that Defendants may assert in their defense. Plaintiffs' failure to provide responses to Defendants' discovery leaves Defendants in a position where they are unable to adequately make these determinations. Plaintiffs further argue that Defendants have other means by which they can obtain the information sought, such as through depositions, and because Defendants failed to request or conduct any such depositions, they cannot claim prejudice. But as Defendants correctly assert, conducting a deposition with every class member is not a viable option, as the Court limited Defendants' total number of depositions to 25 collectively. Accordingly, Defendants had to rely on

---

[28]Plaintiffs' assertion that Defendants have records in their possession to determine the scope of each Plaintiffs' employment while at the same time arguing that Defendants' records are inaccurate is disingenuous.

written discovery to collect the information. Therefore, the Court concludes that Defendants have demonstrated the required degree of prejudice to warrant the sanction of dismissal.

### b. Interference with Judicial Process

The Plaintiffs identified in Defendants Exhibit A to this motion have failed to respond to Defendants' discovery requests even after the Court issued its Order compelling them to do so. Plaintiffs' disregard for the judicial process has caused an unnecessary burden on the Court and opposing parties in addressing these issues. Moreover, their inaction demonstrates a disrespect for the Court's authority.[29] Thus, this factor supports the sanction of dismissal.

### c. Culpability of Litigants

The third factor rests on Plaintiffs' culpability. Plaintiffs were informed upon opting into this lawsuit that if they "**choose to join in the suit, [they] may be asked to 1) appear for a deposition where [they] live and 2) respond to written requests for information about [their] employment with defendants**."[30] Thus, Plaintiffs were on notice from their joining this lawsuit of their obligation to respond to discovery. Thereafter, Plaintiffs were again notified by letter from Plaintiffs' counsel of the requirement that they respond to Defendants' discovery requests. Specifically, the letter warned: "**You must answer these requests. IF YOU DO NOT RESPOND, YOU WILL BE DROPPED FROM THE LAWSUIT AND THERE IS NOTHING WE CAN DO TO STOP IT.**"[31] As Plaintiffs' counsel concedes, after the Court granted Defendants' Motion to Compel, "such letter was [once again] sent with the discovery requests to the non-responding

---

[29] *See Enrenhaus*, 965 F.2d at 921 (affirming dismissal of the plaintiff's action in part because the plaintiff "flouted the court's authority" by failing to comply with the court's orders).

[30] Doc. 458-1, p.4 (Notice of Pendency of Collective Action Lawsuit) (emphasis in original).

[31] Doc. 479-2 (emphasis in original).

members of the class."[32] Plaintiffs' counsel concedes that members were warned that dismissal was a possibility, and counsel has no explanation as to why these members chose not to respond.[33] The opt-in Plaintiffs identified in Defendants' Exhibit A are clearly culpable.

### *d. Prior Court Warning that Dismissal was Possible*

This factor is also satisfied, warranting the requested sanction. As just discussed, after the Court issued its Order compelling Plaintiffs to respond to Defendants' discovery requests, Plaintiffs' counsel notified them by letter warning them that they would be dropped from the lawsuit if they did not respond. Nonetheless, Plaintiffs chose to ignore the discovery request. Although this letter was not a direct communication from the Court, Plaintiffs were adequately warned in advance as a result of the Court's Order. In fact, Plaintiffs were warned even prior to the Court's Order that dismissal was a probable result for failing to respond. Therefore, Plaintiffs had ample warning that dismissal was possible.

### *e. Efficacy of Lesser Sanctions*

After carefully reviewing the record and the history of this litigation, the Court finds that there is no sanction short of dismissal that would be effective. Plaintiffs have been given multiple opportunities to provide responses to Defendants' discovery, which is information Defendants require to evaluate whether Plaintiffs fall within certain FLSA exemptions. Despite being warned that they would be dismissed from the lawsuit for failing to comply, Plaintiffs chose to disregard that warning and ignore their obligations. Plaintiffs have offered no justifiable reasons for failing to

---

[32] Doc. 520, p.14 (Plaintiffs' Response to Defendants' Motion for Sanctions).

[33] Curiously, Plaintiffs' counsel also represented that they received a few responses from opt-in Plaintiffs stating that they could not answer the interrogatory questions and asked that they be dropped from the lawsuit; however, there is no indication in the record that any opt-in Plaintiff has been dropped, nor has counsel identified which opt-in Plaintiff's chose to be removed from this action.

comply with the Court's Order and/or for failing to respond to discovery. Therefore, the Court concludes that dismissal with prejudice is the appropriate sanction for those opt-in Plaintiffs who have failed to comply to any of Defendants' discovery.

Therefore, the Court grants Defendants' Motion for Sanctions under Rule 37. Those opt-in Plaintiffs who have failed to respond in any fashion to Defendants' requests for discovery as identified in Exhibit A to Defendants' Motion for Sanctions[34] are dismissed from this lawsuit with prejudice.

The Court, however, is not inclined to dismiss the ten opt-in Plaintiffs who have responded, albeit insufficiently, to Defendants' discovery requests.[35] The Court agrees that the responses provided by these ten Plaintiffs are insufficient. The answers provided make clear that these Plaintiffs made no attempt to answer in good faith the questions presented to them. While it is conceivable that these Plaintiffs may not remember every detail of their employment with Defendants, it is highly unlikely that they would remember absolutely no detail so that they cannot answer at least in part some of the questions Defendants pose in their interrogatories. Further, the complete failure to even attempt to answer an interrogatory question is unacceptable. Notwithstanding the inappropriate responses, because these Plaintiffs at least made the effort to return the discovery request, we will not dismiss them from this action at this time. Therefore, with respect to only the ten opt-in Plaintiffs identified in Defendants Exhibit B to their Motion for Sanctions,[36] they shall have **thirty days** from the date of this Order to provide Defendants with supplemental

---

[34] *See* Doc. 516-2.

[35] *See* Docs. 516-3, -4.

[36] *See id.*

responses to the requested interrogatories. Should Defendants determine it necessary, within fourteen days thereafter, the Court will entertain an appropriate motion for relief, but only with respect to these ten Plaintiffs.[37]

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike Late Filed Opt-ins (Doc. 458) is hereby GRANTED.

**IT IS FURTHER ORDERED** that Defendants' Motion for Sanctions under Rule 37 (Doc. 516) is hereby GRANTED in part, and DENIED in part.

**IT IS FURTHER ORDERED** that those opt-in Plaintiffs, as identified in Exhibit A to Defendants' Motion for Sanctions,[38] are hereby DISMISSED WITH PREJUDICE.

**IT IS FURTHER ORDERED** that counsel for Plaintiffs shall direct those opt-in Plaintiffs, as identified in Defendants' Exhibit B to this Motion for Sanctions (Docs. 516-3, -4), to provide Defendants with supplemental interrogatory responses **within 30 days** of the date of this Order.

---

[37]Defendants shall not file individual motions for relief, but instead, may file one motion after the requisite 30-day period that addresses those Plaintiffs that fail to respond according to this Order.

[38]*See* Doc. 516-2.

**IT IS SO ORDERED.**

Dated this 6th day of August, 2010.

                                              ERIC F. MELGREN
                                              UNITED STATES DISTRICT JUDGE